**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 01-31080**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SNAPPER CORTEZ BROWN,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(00-CR-54-ALL-C)**

March 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Snapper Cortez Brown, who conditionally pleaded guilty to possession with intent to distribute cocaine base, appeals the district court's denial of his motion to suppress cocaine seized from his person following an investigatory stop and statements he gave at that time. He contends: the pat-down search was not justified; and, even if it was justified by a reasonable belief that he was armed, it ran afoul of *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993), thereby exceeding the bounds of *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"In reviewing the denial of a motion to suppress, we employ a two-tiered standard, examining the factual findings of the district court for clear error, and its ultimate conclusion as to the constitutionality of the law enforcement actions *de novo*." ***United States v. Navarro***, 169 F.3d 228, 231 (5th Cir.), *cert. denied sub nom.* 120 S. Ct. 117 (1999), *and cert. denied sub nom.* 120 S. Ct. 312 (1999). "[W]e must view the evidence presented at the hearing on the motion to suppress in the light most favorable to the prevailing party — in this case, the government." ***United States v. Nichols***, 142 F.3d 857, 866 (5th Cir.), *cert. denied*, 525 U.S. 1056 (1998). Nor will we "second guess the district court's factual findings as to the credibility of witnesses". ***United States v. Garza***, 118 F.3d 278, 283 (5th Cir. 1997), *cert. denied sub nom.* 522 U.S. 1051 (1998).

The testimony presented at the suppression hearing indicates that "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger". ***Terry***, 392 U.S. at 27; *see also* ***United States v. Rideau***, 969 F.2d 1572, 1574 (5th Cir. 1992) (en banc) ("We must attempt to put ourselves in the shoes of a reasonable police officer as he or she approaches a given situation and assesses the likelihood of danger in a particular context."). Therefore, a protective search for weapons was justified. The district court, while noting inconsistencies in testimony, found: Officer Brewer's testimony was credible; and he "discovered the cocaine in [Brown's] pocket

2

only as a response to [Brown's] actions of covering his pocket with his hand and then muttering that he had cocaine".

These findings are not clearly erroneous. Accordingly, the suppression motion was properly denied.

*AFFIRMED*